**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 24, 2023

Michael J. Barry, Esquire
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801

Raymond J. DiCamillo, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Thomas Curry, Esquire
Saxena White P.A.
824 North Market Street, Suite 1003
Wilmington, DE 19801

Theodore A. Kittila, Esquire
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, DE 19807

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger & Grossman LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Anthony A. Rickey, Esquire
Margrave Law LLC
3411 Silverside Road
Baynard Building, Suite 104
Wilmington, DE 19810

Katherine J. Sullivan, Esquire
Wilks Law, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

RE: ***In re AMC Entertainment Holdings, Inc. Stockholder Litigation,***
Consol. Civil Action No. 2023-0215-MTZ

Dear Counsel:

I write in response to two recent filings: the parties' July 22, 2023 letter (the "Letter"), and Rose Izzo's Motion for Clarification Or, Alternatively, For Maintaining Of Status Quo Order Pending Appeal (the "Motion").[1]

---

[1] Docket item ("D.I.") 582 [hereinafter "Ltr."]; D.I. 583.

The Letter enclosed an addendum to the April 7, 2023 Stipulation and Agreement of Compromise, Settlement, and Release and a Revised Proposed Order and Final Judgment.[2] The addendum revises paragraph A.1(r) (the "Release") of the parties' settlement stipulation as reflected below.

> "Released Plaintiffs' Claims" means any and all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, whether known claims or Unknown Claims, suspected, existing, or discoverable, whether arising under federal, state, common, or foreign law, and whether based on contract, tort, statute, law, equity, or otherwise (including, but not limited to, federal and state securities laws), that Plaintiffs or any other Settlement Class Member: (i) asserted in the *Allegheny* Complaint or the *Munoz* [Franchi] Complaint; or (ii) ever had, now have, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity that, in full or part, concern, relate to, arise out of, or are in any way connected to or based upon the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Complaints and that relate to the ownership of Common Stock ~~and/or AMC Preferred Equity Units~~ during the Class Period, except claims with regard to enforcement of the Settlement and this Stipulation.[3]

The revised proposed order reflects the addendum.[4]

In the Letter, the parties request (1) "that the Court approve the settlement on the revised terms and pursuant to the enclosed Proposed Final Judgment"; and (2) that the Court stay its order directing the plaintiffs to submit a consolidated complaint and the parties to submit a schedule for the remainder of the litigation.[5]

---

[2] Ltr.

[3] D.I. 165 [hereinafter "Stip."] ¶ A.1(r) (emphasis and strikethrough added to reflect D.I. 582, Ex. 1).

[4] D.I. 582 at Revised Proposed Order and Final Judgment at 4.

[5] Ltr. at 3.

The parties argue "additional notice need not be provided prior to settlement approval" because the changes to the proposed settlement do not "adversely affect the class."[6]

The Motion seeks clarification as to the effect of my July 21 opinion (the "Opinion")[7] on the stay of all proceedings against the defendants imposed by the May 1, 2023 scheduling order,[8] and on the February 27, 2023 status quo order.[9]

I have plucked the low-hanging fruit from the Letter and the Motion and offer what guidance I can. First: the parties need not re-notice the proposed settlement. The Release as trimmed by the Letter is narrower than the version included in the notice to stockholders.[10] The parties excised the clause releasing APE claims because the Court rejected that clause as legally impermissible.[11] Removing a clause that has no legal effect does not adversely affect the putative class.[12] Still, as I have ordered in this case to date,[13] **the July 22 Letter, all of its**

---

[6] *Id.* at 2–3 & n.1 (emphasis omitted).

[7] *See generally In Re AMC Ent. Hldgs., Inc. S'holder Litig.*, --- A.3d ---, 2023 WL 4677722 (Del. Ch. 2023). The opinion is also available at D.I. 581.

[8] D.I. 185 ¶ 24.

[9] D.I. 10.

[10] *See Shaffer v. Cont'l Cas. Co.*, 362 Fed. App'x 627, 631 (9th Cir. 2010) ("Although changes were made to the release after potential class members received the notice, the changes did not render the notice inadequate because they narrowed the scope of the release."). "Judicial interpretation of the Federal Rules respecting class actions . . . [is] persuasive authority for the interpretation of Court of Chancery Rule 23." *Buttonwood Tree Value P'rs, L.P. v. R. L. Polk & Co.*, 2022 WL 2255258, at *3 (Del. Ch. June 23, 2022) (internal quotation marks omitted) (quoting *In re Countrywide Corp. S'holders Litig.*, 2009 WL 846019, at *12 n.84 (Del. Ch. Mar. 31, 2009)).

[11] *See generally AMC*, --- A.3d ---, 2023 WL 4677722.

[12] *See In re: Digex, Inc. S'holders Litig.*, 2001 WL 34131305, at *2 (Del. Ch. Apr. 6, 2001) (holding that "no additional notice to the class is required and that no additional period for objection will be permitted" where changes to the settlement stipulation between the date of the stipulation and the effective date would not "materially alter the terms of the Stipulation" or "materially impact the class members' decision whether to approve the Settlement"); *see also, e.g.*, *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313 (D.D.C. 2015) ("Accordingly, courts generally find that Rule 23(e)

**enclosures, and this letter, should be posted on the websites for AMC Entertainment Holdings, Inc. and the plaintiffs' counsel no later than 8:00 p.m. ET today, June 24.**

Second: the Opinion is not a "final determination of whether the Settlement should be approved."[14] The Opinion pointed out the Release was unsound and could not be approved, and encouraged the defendants to weigh the risk from a narrower release.[15] In so many words, the Opinion gave the parties an opportunity to narrow the Release, following a nuance of class action practice before this Court and as contemplated by the plaintiffs' counsel at oral argument.[16] If the parties did not choose that path, the Opinion directed the parties to submit a consolidated

---

applies to a modification of a previously approved settlement only when the settlement will be 'materially alter[ed].' Phrased more specifically, an amendment requires supplemental notice only when it 'would have a material adverse effect on the rights of class members.'" (citations omitted) (quoting *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 n.10, 182 (3d Cir. 2013), and then *In re Diet Drugs Prods. Liability Litig.*, 2010 WL 2735414, at *6 (E.D. Pa. July 2, 2010))); *Knuckles v. Elliott*, 2016 WL 3912816, at *6 (E.D. Mich. July 20, 2016) (granting final approval of class action settlement without requiring another round of notice or another fairness hearing even though the parties had amended the settlement agreement after the fairness hearing because the amended agreement did not adversely affect class members' rights); *Harris v. Graddick*, 615 F.Supp. 239, 244 (M.D. Ala. 1985) (finding additional notice under Federal Rule of Civil Procedure 23(e) unnecessary where an amendment is narrow and it is apparent that interests of the class are not substantially impaired).

[13] *See, e.g.*, D.I. 454 at 5 n.21 ("I repeat my insistence that the parties update the specified websites today, and every day a noted report or order is issued, to comply with paragraph 72 of the notice."); D.I. 312 at 2–3 ("More fundamentally, I insist that counsel and AMC update their websites today to post the materials promised in paragraph 72 of the notice sent to stockholders." (footnote omitted)); D.I. 185, Ex. 1, Notice of Pendency of Stockholder Class Action and Proposed Settlement Hearing, and Right to Appear ¶ 72.

[14] D.I. 185 ¶ 24.

[15] *AMC*, --- A.3d ---, 2023 WL 4677722, at *26.

[16] *See Firefighters' Pension Sys. of the City of Kansas City, Mo. Tr. v. Presidio, Inc.*, C.A. No. 2019-0839-JTL, D.I. 233 at 49–51 (Nov. 7, 2022) (TRANSCRIPT); *Schumacher v. Loscalzo*, C.A. No. 2022-0059-LWW, D.I. 70 at 63 (Del. Ch. Sept. 21, 2022) (TRANSCRIPT); *see AMC*, --- A.3d ---, 2023 WL 4677722, at *25.

complaint, a task they should have accomplished weeks ago.[17]  This request did not lift the stay imposed by the May 1 scheduling order.  The stay remains in place.

Third:  the Letter's request to stay my request for a consolidated complaint and case schedule is granted.

Fourth:  as for the status quo order, the Opinion stated, "The status quo order remains in place."[18]

That is all the guidance I can offer today.  I ask that the parties submit the following:

    a.  Notice of business needs on the horizon.  The defendants represented that they needed a decision before the capital markets go quiet in August.[19]  The Court has made all efforts to meet that business need.  I raised my concerns about the Release with counsel at the settlement hearing in June.[20]  Instead of addressing those concerns, the parties let the month of July pass, and only sought to amend the Release after I concluded the Release was unsound.  Please advise, with as much detail as possible, as to any events or circumstances compelling a decision by a certain date.

---

[17] *AMC*, --- A.3d ---, 2023 WL 4677722, at \*28.

[18] *Id.* at \*11.

[19] *E.g.*, D.I. 217 at 18 ("And so I guess the question I'm asking is:  Can we truncate it a little bit?  And obviously we need to work backwards from a hearing date.  But from the perspective of capital raising, once we get into the late summer, that is typically a quiet period.  So I'm a little worried about this dragging -- a little -- fairly worried about this dragging into the fall."); *id.* at 19 ("I do agree with Mr. Neuwirth, there was a desire on the company's part for reasons that, frankly, we are sympathetic to, to be able to do a fundraising before the markets basically shut down in August.").

[20] *AMC*, --- A.3d ---, 2023 WL 4677722, at \*25 ("I raised the fact that the Release included APE claims released by common stockholders at argument to Plaintiffs and the defendants." (citing D.I. 578 at 68, 79, 127)).

> b. Letter briefs, joint or separate, on the effect of the Delaware Supreme Court's June 28, 2023 decision in *Coster v. UIP Companies, Inc.* on the proposed settlement and the plaintiffs' breach of fiduciary duty claim.[21]
>
> c. Any response to the Motion, particularly its preemptive request for a stay on lifting the status quo order if the settlement is approved pending appeal, or a letter stating that no response will be forthcoming.
>
> d. Another revised proposed order and final judgment omitting Mr. Munoz as plaintiff, and with a version in Microsoft Word.

Because the narrowed Release does not adversely affect the putative class, the Court will not consider any new or supplemented objections.[22] Other than the advocacy requested above, the record on the proposed settlement is closed.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:     All Counsel of Record, via *File & ServeXpress*

---

[21] --- A.3d ---, 2023 WL 4239581 (Del. 2023).

[22] *Cf. Keepseagle*, 102 F. Supp. 3d at 313 ("If the fairness hearing leads to substantial changes adversely affecting some members of the class, additional notice, followed by an opportunity to be heard, might be necessary." (quoting David F. Herr, *Ann. Manual for Complex Litig.* § 21.61 (4th ed.))).